George C. STEWARD, Petitioner,

v.

Lewis TOLLETT, etc., Respondent.

Civ. A. No. 2615.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 22, 1971.

George C. Steward, pro se.

David Pack, Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for respondent.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, District Judge.

The Court awarded the federal writ of habeas corpus herein after it was made to appear that circumstances exist which render corrective process of the state of Tennessee ineffective to protect the rights of the petitioner as a prisoner. 28 U.S.C. § 2254(b). The Court summarily heard the facts on January 20, 1971 in the Winchester Division of this district. 28 U.S.C. § 2243.

The petitioner Mr. Steward was arrested by Newport, Tennessee police officer Mr. Ronnie Cogdill in the early morning hours of Saturday, September 14, 1968 on information that the felony of rape had been committed by a Negro man wearing a moustache and goatee and a brown checked shirt with a V-neck. Mr. Steward admittedly fit that description. He and another Negro man were taken by the arresting officers to the residence of the alleged victim. As the police vehicle was coming to a stop there, Mr. Dorsey Fine, the husband of the alleged victim, pointed to the petitioner and stated: " * * * There's the one. * * *" Thereupon, Mrs. Fine emerged from the residence and confirmed the identification. She appeared at the cell of the petitioner in the Cocke County, Tennessee jail and looked again at him.

About the middle of that day, Mr. James Waldrop, an agent of the Tennessee Bureau of Criminal Identification, interviewed Mr. Steward while he was in custody, after properly advising him of his rights to silence, counsel and against self-incrimination. Mr. Steward's statement on that occasion undertook to exculpate himself regarding the offenses for which he was arrested. On the demand of Mr. Waldrop, Mr. Stew-

ard surrendered to the agent the pants and shirt he was wearing when arrested.

On the following Monday, September 16, 1968, Mr. Steward was indicted by a grand jury for the offenses of burglary, rape and unlawful carnal knowledge of a female of more than 12 years of age. He was tried on November 12, 1968, and a mistrial was ordered when the jury was unable to agree on the guilt or innocence of the petitioner. He was retried for the same offenses on January 22, 1969, and convicted and sentenced by a jury to a term of 30 years in the Tennessee state penitentiary, a sentence he is now serving in the custody of the respondent.

█ Mr. Steward claims that his conviction by the Circuit Court of Cocke County, Tennessee rests on the illegal seizure of his shirt by Mr. Waldrop without his permission or a warrant, and its introduction improperly into evidence at his trial in violation of the federal Constitution, Fourteenth Amendment, Due Process Clause. There is no merit to this contention, because the only connection of this shirt with the alleged crimes was as one means of his identification at the scene thereof, and Mr. Steward admitted that he was present at the Fine residence when Mrs. Fine claims he committed the crimes for which he is in custody.

█ It is claimed further by Mr. Steward that he was tried for a capital offense by a jury chosen by excluding veniremen simply because they voiced general objections to the death penalty or expressed scruples against its infliction, so that the jury was " * * * organized to convict. * * *" Witherspoon v. State of Illinois (1968), 391 U.S. 510, 521, 88 S.Ct. 1770, 1776 [6], 20 L. Ed.2d 776. This principle has no application here because, as the petitioner concedes, it was announced to the venire by the prosecuting attorney that the state of Tennessee was not seeking the death penalty in his trial.

In amendments to his original application, Mr. Steward claims also that his federal constitutional rights were violated when he was not given a preliminary hearing prior to his first trial, when an in-custody identification was made of him at a time when he did not have the assistance of counsel, when he was not advised of his constitutional rights to silence and counsel and against self-incrimination and permitted to make a telephone call at the time of his arrest, when he was placed in double jeopardy for the same offense by being retried after a mistrial had been declared, and when he was arrested on suspicion of having committed the offenses afterward charged. The Court has considered each of these additional grounds for relief and finds each of them to lack merit under the facts of this proceeding.

Law and justice require a disposition of this proceeding that the petitioner Mr. Steward is entitled to no relief. Accordingly, his petition hereby is dismissed. Should Mr. Steward give timely notice of an appeal herein, such will be treated also as an application for a certificate of probable cause. He, having been permitted to proceed herein in forma pauperis, may proceed on appeal in forma pauperis without further authorization. Rule 24(a), Federal Rules of Appellate Procedure. However, his application for a certificate of probable cause hereby is denied, it being apparent from the foregoing facts that the petitioner is entitled to no relief.

In the event of a timely notice of appeal herein, the clerk forthwith shall forward to the United States Court of Appeals for the Sixth Circuit this certificate and the file of the proceedings herein, and the petitioner may then request issuance of the certificate by a circuit judge. Rule 22(b), Federal Rules of Appellate Procedure.